UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 05-11500-DPW

**CHERYL D. BAILEY**
**f/k/a CHERYL D. DOWLING**

       Plaintiff

v.

**ROBERT E. GREENGLASS**
**and EDGAR L. KELLEY**

       Defendant.

### FIRST AMENDED VERIFIED COMPLAINT

       By leave and Order of this Court (Woodlock, USDJ) entered from the bench November 4, 2005, Plaintiff presents her First Amended Verified Complaint, restating her Verified Complaint to join an additional Defendant (viz., Edgar L. Kelley).

A.      JURISDICTION

1.      The Plaintiff is a resident of Lincoln, Grafton County, New Hampshire.

2.      The Defendant Robert E. Greenglass (herein "Defendant") is a member of the Massachusetts Bar and a practicing attorney, with offices located at One Park Place, Plymouth, Plymouth County, Massachusetts.

2A.     The Defendant Edgar L. Kelley (herein "Kelley") is a member of the Massachusetts Bar and a practicing attorney, with offices located care of Philip D. Moran, Esq., 265 Essex Street, Suite 202, Salem, Essex County MA  01970.

3.      Jurisdiction lies under 28 U.S.C. 1332 for diversity of citizenship. Damages are in excess of Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest and costs.

B.      FACTS

4.      On or about December 28, 2000, Plaintiff engaged the Defendant in representing her in divorce proceedings against her then husband, Richard E. Dowling, Jr. (hereinafter called Richard) which were held at the Plymouth Division of the Massachusetts

       Probate and Family Court. The Defendant's representation commenced on December 28, 2000 and ended on July 19, 2002.

5. The Defendant was negligent in performing services on behalf of the Plaintiff in that he repeatedly failed to pursue and complete vital discovery of evidence which the Plaintiff's former husband refused to provide.

6. Richard purposely and willfully distorted his financial condition by deceptive omissions and refusals to give complete and timely information in his various financial statements, beginning with the one used by Judge Doherty on February 7, 2001 in approving a Stipulation for Temporary Support and Alimony, which was negotiated on the egregious disparity between Mr. Dowling's reported gross of $2,884.61 per week (from AKARA Corporation) and his actual gross income for calendar year 2000 of $427,137.00. That information was derived from all known sources of income in the Plaintiffs discovery conducted after the Defendant's termination. In addition, Richard concealed a 401(K) account that he initiated with AKARA during the time of the divorce action.

7. The Defendant was careless and derelict in not seeking the Court's enforcement powers to compel disclosure of Richard's true earnings and his earning capacity prior to trial even though it was obvious to the Defendant following his efforts at discovery in April 2002 that Richard purposely refused to provide his complete income records.

8. The Defendant was further negligent in his representation of the Plaintiff in refusing to initiate a freeze on Richard's 401(K) account in the Fidelity Fund. Due to the Defendant's negligence in not initiating a freeze of the account, the value of the fund declined from $188,000.00 in January 2001 to $31,000.00 in July 2002, when Richard converted it to cash. The Defendant's failure to seek a protective freeze and a subsequent court order or to negotiate with opposing counsel meant that a primary Section 34 divisible asset was allowed to dissipate.

9. The Defendant further did not make any attempt to determine the value of shares of stock of Computer Corporation Of America (CCA) that the Plaintiff informed him that Richard owned and excluded from his Financial Statement dated February 7, 2001. At a four-way conference at the Brockton Probate Court on August 7, 2001, the Plaintiff informed the Defendant of this omission after reviewing his deceitful Financial Statement. The Defendant made no subsequent effort to determine the fair value of the stock by discovery or through pursuing negotiation with opposing counsel. These inadequate and substandard omissions caused Plaintiff to accept reduced support and alimony.

10. The Defendant was negligent in not pursing the process of discovery in a timely fashion during his representation of the Plaintiff. The Defendant waited until April 2002 to hold a deposition of Richard when he still lacked the necessary documentation to examine him. A hearing was held on May 13, 2002 before Judge Doherty for Richard's abusive conduct, preempting the date scheduled for the pre-trial hearing on discovery and other matters. The hearing was preempted by Judge

        Doherty, which she used to discuss general principles of the interaction of parents as it affected the well-being of their minor children.  As far as it is reflected in the record, there was never a pre-trial hearing.  These mismanagements of the Plaintiff's case caused money damages, as they rendered unavailable her proof of injury at trial and pretrial efforts to obtain arrears in support payments in excess of Twenty Seven Thousand Dollars ($27,000.00).

11.     The Defendant was further negligent in not communicating with Dr. Vicky Lyle, the Guardian Ad Litem appointed in the matter. The Defendant did not furnish to Dr. Lyle evidence of numerous telephone calls and messages made by Richard to the Plaintiff, which would have proved harassment on Richard's part.  In addition, Defendant allowed Richard to make an unchallenged assertion as stated on page 14 of the Guardian Ad Litem's Report, in which he was reported to have said "I kept PO Box in Duxbury-always knew I'd end up back there, knew I'd end up with the children; it was the one thing that has been constant-rather than changing the mail with each move."

12.     As a direct and proximate result of the negligent misrepresentation of the Plaintiff s interest by the Defendant, Plaintiff was forced to pursue her own discovery in the summer and fall of 2002 at considerable time and expense.  In addition, the Defendant's negligence in communicating with Dr. Lyle, especially with respect to the issues of parental fitness, temperament and attitude toward the children individually and toward the parties as parents, had an adverse impact as manifested in Dr. Lyle's favoring of Richard's unchallenged assertions.

13.     The Defendant's refusal to challenge Richard's assertions and manipulations as narrated by the Guardian Ad Litem allowed the Court to exclude evidence favorable to Plaintiff's superior fitness to serve as physical custodian of her four minor children.

14.     On or about June 10, 2002, the Defendant purported to negotiate a settlement agreement without consultation with her and presented a form of agreement which would have penalized her in matters of support, alimony and custody.  When the Plaintiff refused to accede to Defendant's coercive directions to do so, he abandoned any requisite efforts to establish her rights and claims as her attorney.

14A.    In or about August, 2002, Kelley was engaged and agreed to serve as attorney for the Plaintiff in her divorce proceedings in the Plymouth County Probate Court.

14B.    From and after his engagement Kelley learned and knew of the deficiencies and defects of the Defendant's prior service as Plaintiff's attorney, and he failed to adequately address these deficiencies and defects.

14C.    Notwithstanding his knowledge of the defects and deficiencies of the Defendant's prior representation, Kelley allowed the Plaintiff's divorce case to proceed to trial on January 14, February 20, August 18, August 19 and August 20, 2003.

14D.    Kelley represented the Plaintiff throughout the trial of her divorce proceedings.  Kelley was negligent in his representation of the Plaintiff at trial by reason, inter alia, of:  (A) His failure to   adequately address the defects and deficiencies Plaintiff had suffered by

the Defendant's handling of Plaintiff's case; (B) His failure to prove and/or attempt to prove the Plaintiff's case and facts necessary for her gaining any form of custody of her children and removal of them away from the Commonwealth of Massachusetts; (C) His failure to prove the essential elements of the applicable statutory and common law standards for an equitable division of the marital estate, child support, alimony and custody of her children; (D) His failure to provide reasonable and prudent representation during the trial as Plaintiff's trial counsel; and (E) His failure to inform and advise Plaintiff and the presiding court of any physical ailments or disabilities that may have affected his ability to provide reasonable and prudent representation of the Plaintiff at her trial in the Plymouth County Probate Court.

### COUNT ONE

(Breach of Contract As To Defendant and Kelley)

15. Plaintiff incorporates the allegations previously pleaded in Paragraphs 1 through 14A and claims damages for breach of contract for professional services.

16. As a result of the foregoing conduct the Defendant breached his contract with the Plaintiff for professional legal services in her divorce proceedings, and Plaintiff has suffered damages as a result.

17. As a result of the foregoing conduct Kelley breached his contract with the Plaintiff for professional legal services in her divorce proceedings, and Plaintiff has suffered damages as a result.

### COUNT TWO

(Negligence As To Defendant and Kelley)

18. Plaintiff incorporates the allegations previously pleaded in Paragraphs 1 through 17 and claims damages for negligence.

19. The Defendant owed a duty to the Plaintiff as her attorney in her divorce proceedings, and by the foregoing conduct the Defendant breached the duty owed to the Plaintiff, and the Plaintiff has suffered damages as a result.

20. Kelley owed a duty to the Plaintiff as her attorney in her divorce proceedings, and by the foregoing conduct Kelley breached the duty owed to the Plaintiff, and the Plaintiff has suffered damages as a result.

## COUNT THREE

(Breach of Fiduciary Duty As to Defendant and Kelley)

21. Plaintiff incorporates the allegations previously pleaded in Paragraphs 1 through 20 and claims damages for breach of fiduciary duty.

22. The Defendant owed a fiduciary duty to the Plaintiff as her attorney in her divorce proceedings, and by the foregoing conduct the Defendant breached the duty owed to the Plaintiff, and the Plaintiff has suffered damages as a result.

23. Kelley owed a fiduciary duty to the Plaintiff as her attorney in her divorce proceedings, and by the foregoing conduct Kelley breached the duty owed to the Plaintiff, and the Plaintiff has suffered damages as a result.

## COUNT FOUR

(Violation of M.G.L. c. 93A As To Defendant)

24. The Plaintiff incorporates the allegations pleaded in Paragraphs 1 through 23 and requests that the Court impose multiple damages and attorney's fees and costs under the provisions of Mass. G.L. c. 93A for unfair and deceptive acts and practices. Annexed to Plaintiff's initial Complaint as Exhibit 1 and incorporated herein, is a copy of a letter mailed to and presumably received by the Defendant dated November 2, 2004 by Kelley to satisfy the requirements of Mass. G.L. c. 93A, sec. 9(3) and sec. 11 and sec. 2(a).

## PLAINTIFF DEMANDS A TRIAL BY JURY AS TO ALL CLAIMS

CHERYL D. BAILEY
f/k/a CHERYL D. DOWLING

By Her Attorney

JOHN SHEK, ESQ.
Weston, Patrick, Willard & Redding
84 State Street, 11th Floor
Boston, MA 02109
(617) 742-9310
(BBO# 457330)

### CERTIFICATE OF SERVICE

I, JOHN R. SHEK, certify under penalty of perjury that I caused the foregoing to be served on all counsel of record by- hand delivery- U.S. Mail postage Prepaid- this ___ day of _____, 20__.

J.R. SHEK, ESQ.

* And upon Edward L. Kelley by Constable

Dated: December 1, 2005

5

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
CIVIL ACTION NO. **05-11500-DPW**

## VERIFICATION OF COMPLAINT

    The undersigned Cheryl D. Bailey, Plaintiff in this case, states that she has read the foregoing First Amended Verified Complaint, and that based upon her personal knowledge the allegations stated herein are true.  Signed under penalty of perjury this ____ day of December, 2005.

                                                                                                  _____
                                                                                                  Cheryl D. Bailey, Plaintiff

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 05-11500-DPW

## VERIFICATION OF COMPLAINT

The undersigned Cheryl D. Bailey, Plaintiff in this case, states that she has read the foregoing First Amended Verified Complaint, and that based upon her personal knowledge the allegations stated herein are true. Signed under penalty of perjury this ___ day of December, 2005.

_____
Cheryl D. Bailey, Plaintiff

http://us.f364.mail.yahoo.com/ym/ShowLetter?box=Inbox&MsgId=8305_37446_2496_13...   12/1/2005