UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 05 11500DPW

_____
                                          )
CHERYL D. BAILEY f/k/a                    )
CHERYL D. DOWLING,                        )
    Plaintiff,                           )
                                          )
v.                                        )
                                          )
ROBERT E. GREENGLASS,                     )
and EDGAR L. KELLEY,                      )
    Defendants.                          )
_____)

**ANSWER AND JURY DEMAND OF THE DEFENDANT, ROBERT E. GREENGLASS, AND CROSS CLAIM OF DEFENDANT, ROBERT E. GREENGLASS, AGAINST DEFENDANT, EDGAR L. KELLEY**

The defendant, Robert E. Greenglass ("defendant"), for his Answer to the First Amended Verified Complaint of the plaintiff, Cheryl D. Bailey f/k/a Cheryl D. Dowling ("plaintiff"), states as follows:

**First Defense**

1. The defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 1 and therefore denies same.

2. The defendant admits the allegations in paragraph 2.

2A. The defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 2A and therefore denies same.

3. With reference to paragraph 3, the allegation that jurisdiction lies under 28 U.S.C. 1332 for diversity of citizenship is a conclusion or interpretation of law to which no response by defendant is required. To the extent a response is required, all allegations are denied. The defendant denies that the plaintiff is entitled to any damages and denies that damages, if any, would exceed $75,000. Answering further, the defendant denies all remaining allegations contained in paragraph 3.

4. The defendant admits the allegations in paragraph 4, but denies any liability resulting from such representation.

5. The defendant denies the allegations in paragraph 5.

6. The defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 6, and therefore denies same.

7. The defendant denies the allegations in paragraph 7.

8. The defendant denies the allegations in paragraph 8.

9. The defendant denies the allegations in paragraph 9.

10. The defendant denies the allegations in paragraph 10.

11. The defendant denies the allegations in paragraph 11.

12. The defendant denies the allegations in paragraph 12.

13. The defendant denies the allegations in paragraph 13.

14. The defendant denies the allegations in paragraph 14.

14A. The defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 14A.

14B. With reference to paragraph 14B, the defendant denies any "defects" and/or

"deficiencies" with respect to his services as plaintiff's attorney. Answering further, the defendant denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 14B, and therefore denies that he is liable based on said allegations. In the alternative, the allegations in said paragraph purport to state a claim against parties other than the defendant to which no response by the defendant is required.

14C.   With reference to paragraph 14C, the defendant denies any "defects" and/or "deficiencies" with respect to his representation. Answering further, the defendant denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 14C, and therefore denies that he is liable based on said allegations. In the alternative, the allegations in said paragraph purport to state a claim against parties other than the defendant to which no response by the defendant is required.

14D.   With reference to paragraph 14D, the defendant denies any "defects" and/or "deficiencies" with respect to his handling of the plaintiff's case. Answering further, the defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 14D, and therefore denies that he liable based on said allegations. In the alternative, the allegations in said paragraph purport to state a claim against parties other than the defendant to which no response by the defendant is required.

15.   With reference to paragraph 15, the defendant repeats and incorporates by reference his responses to the allegations in the paragraphs set forth therein.

>Answering further, the defendant denies all remaining allegations contained in paragraph 15.

16. The defendant denies the allegations in paragraph 16.

17. The defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 17, and therefore denies that he is liable based on said allegations. In the alternative, the allegations in said paragraph purport to state a claim against parties other than the defendant to which no response by the defendant is required.

18. With reference to paragraph 18, the defendant repeats and incorporates by reference his responses to the allegations in the paragraphs set forth therein. Answering further, the defendant denies all remaining allegations contained in paragraph 18.

19. The defendant denies the allegations in paragraph 19.

20. The defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 20, and therefore denies that he is liable based on said allegations. In the alternative, the allegations in said paragraph purport to state a claim against parties other than the defendant to which no response by the defendant is required.

21. With reference to paragraph 21, the defendant repeats and incorporates by reference his responses to the allegations in the paragraphs set forth therein. Answering further, the defendant denies all remaining allegations contained in paragraph 21.

22. The defendant denies the allegations in paragraph 22.

23. The defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 23, and therefore denies that he is liable based on said allegations. In the alternative, the allegations in said paragraph purport to state a claim against parties other than the defendant to which no response by the defendant is required.

24. The defendant denies the allegations in paragraph 24.

## Second Defense

The First Amended Verified Complaint fails to state a claim upon which relief can be granted.

## Third Defense

The plaintiff's claims are barred by the doctrines of waiver, estoppel, laches, or unclean hands.

## Fourth Defense

The plaintiff has suffered no damages as a proximate result of any conduct of defendant.

## Fifth Defense

The plaintiff has failed to mitigate her damages, if any.

## Sixth Defense

The plaintiff's damages, if any, were caused by persons for whose conduct the defendant is not legally responsible.

## Seventh Defense

The plaintiff's damages, if any, were caused by her own conduct, including, but not

limited to, her own negligence, comparative negligence, recklessness or intentional conduct.

### Eighth Defense

The First Amended Verified Complaint is barred by the statutes of limitation.

### Ninth Defense

The plaintiff failed to comply with a statutory condition necessary to a c. 93A claim.

### CROSS CLAIM OF DEFENDANT, ROBERT E. GREENGLASS, AGAINST DEFENDANT, EDGAR L. KELLEY

### COUNT I – INDEMNIFICATION

1. The defendant/cross claim plaintiff, Robert E. Greenglass ("Greenglass"), is a member of the Massachusetts Bar and a practicing attorney, with offices located at One Park Place, Plymouth, Massachusetts.

2. The defendant/cross claim defendant, Edgar L. Kelley ("Kelley"), is a member of the Massachusetts Bar and a practicing attorney, with offices located care of Philip D. Moran, Esq., 265 Essex Street, Suite 202, Salem, Massachusetts.

3. Greenglass represented the plaintiff, Cheryl D. Bailey f/k/a Cheryl D. Dowling ("plaintiff"), in divorce proceedings during the time period commencing December 28, 2000 and ending July 19, 2002.

4. Upon information and belief, Kelley served as successor counsel to the plaintiff and represented the plaintiff throughout the remainder of the divorce proceedings and at trial.

5. At all times, Greenglass complied with the applicable standard of care in his representation of the plaintiff.

6. The plaintiff has alleged that Greenglass and/or Kelley were negligent in the handling of her divorce case. Greenglass denies all allegations against him.

7. The plaintiff's damages, if any, were not the result of conduct by Greenglass.

8. Damages, if any, sustained by the plaintiff were the sole responsibility of successor counsel, Kelley.

9. Greenglass is entitled to indemnification from Kelley.

## COUNT II – CONTRIBUTION

10. The defendant/cross claim plaintiff, Greenglass, repeats and incorporates by reference the allegations contained in paragraphs 1 through 9 of this cross claim.

11. If Greenglass is liable to the plaintiff, which he denies, such liability was caused in whole or in part by the negligence of the defendant/cross claim defendant, Kelley.

12. Greenglass has satisfied all conditions to assert a claim in contribution against Kelley.

13. Kelley is obligated to Greenglass pursuant to Mass. G.L. c. 231B and Greenglass is entitled to contribution from Kelley in an amount to be proven at trial.

### Prayer for Relief

WHEREFORE, the defendant Robert E. Greenglass, respectfully prays for the following relief:

a) That the Court dismiss the First Amended Verified Complaint with prejudice;

b) That the Court enter judgment for Greenglass on his cross claims;

c) That the Court award the defendant his costs of suit, including reasonable

attorneys' fees; and

d) That the Court award such other and further relief as it deems just and proper.

**Jury Demand**

_____The defendant/cross-claim plaintiff demands a trial by jury of all issues.

                                              Respectfully submitted,
                                              ROBERT E. GREENGLASS
                                              By his attorneys,

                                              /s/ Kristen R. Green

                                              _____
                                              Joseph S. Berman, Esq.
                                              BBO No. 566006
                                              Kristen R. Green, Esq.
                                              BBO No. 662065
                                              BERMAN & DOWELL
                                              210 Commercial Street
                                              Boston, MA 02109
                                              (617) 723-9911

**CERTIFICATE OF SERVICE**

_____I, Kristen R. Green, Esq., hereby certify that on this 12th day of December, 2005, I served a copy of the foregoing by electronic means with the United States District Court for the District of Massachusetts using the CM/ECF system, which will send notification to the following: John Shek, Esq., Weston, Patrick, Willard & Redding, 84 State Street, Eleventh Floor, Boston, MA 02109, and Edgar L. Kelley, Esq., 265 Essex Street, Suite 202, Salem, MA 01970.

                                              /s/ Kristen R. Green
                                              _____
                                              Kristen R. Green