UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT
OF MASSACHUSETTS

CIVIL ACTION NO. 05-11500-DPW

Cheryl D. Bailey
a/k/a Cheryl D. Dowling
    PLAINTIFF

v.

Robert E. Greenglass
and Edgar L. Kelley
    DEFENDANTS

## DEFENDANT EDGAR L. KELLEY'S MOTION TO DISMISS UNDER FRCiv.P RULE 12(b)(4)(5) AND (6)

The added Defendant Edgar L. Kelley ("Kelley"), moves to dismiss the Plaintiff's so-called FIRST AMENDED VERIFIED COMPLAINT on the following separate grounds:

1. The Plaintiff's attorney did not comply with the requirements for service of the Summons and Complaint under the Federal Rules of Civil Procedure 4(e)(2) because the Summons and Complaint was found in the Defendant's mailbox on the weekend of December 18, 2005, no service having been made "by leaving copies thereof at the individual's dwelling house or usual place of abode <u>with some person of suitable age and discretion then residing therein</u>.

2. The Plaintiff and her attorney gave no notice to Kelley of any motion filed in this case seeking to join him as a Defendant. The issuance of a summons without such notice and opportunity to be heard fails to comply with the basic tenets of pleading and practice under Rule 12(b)(5) of said Federal Rules of Civil Procedure.

3. The Complaint fails to state a claim upon which relief can be granted.
The text of the Complaint does not satisfy the basic requisites of a complaint as a short and plain statement of the claim showing that the pleader is entitled to relief (FRCiv.P 8(a)).
In the body of the pleading, the Plaintiff charges that the original Defendant ("Greenglass'), who is identified as the Defendant in paragraphs 2, 4 through 14, performed or failed to represent in specific ways.
Kelley is alleged to have failed his professional responsibility toward Plaintiff as an afterthought, in the inserted paragraphs 14A through 14D.

The allegations added therein fail to allege with particularity what obligations of his representation were not fulfilled. These so-called <u>FACTS</u> do not contain a short and plain statement of the claim showing that the pleader is entitled to relief. Obviously, in Kelley's capacity as counsel to the Plaintiff, he conducted her portion of the trial in the Probate Court on the record, which had been prepared by prior counsel Attorney Greenglass through his withdrawal in July 2002, when the case had been marked for trial in September 2002. Between August 2002 and January 14, 2003, the date trial commenced, several interlocutory motions and hearings were held relating to arrearages which her husband had not paid, amounting to approximately $27,000.00.

The Plaintiff's attorney has attempted to circumvent the spirit and the letter of the Federal Rules by inserting allegations of a general tenor in paragraphs 14A through 14D, to bridge the gap between the Complaint against Defendant Greenglass, drafted in the main by Kelley in conjunction with Attorney Moran and incorporating the Chapter 93A claim drafted and served upon Defendant Greenglass by Kelley in Cheryl Bailey's behalf as grounds for his liability. There is an unavoidable defect in that pleading as a separate complaint.

    In accordance with the forgoing allegations, this Court has good reason to dismiss the complaint against Kelley for the Plainff's material failures to comply with the Federal Rules of Civil Procedure.

                                            Respectfully submitted,

                                            */s/ Edgar L. Kelley*
                                            EDGAR L. KELLEY, Pro Se
                        C/o Philip D. Moran, Esq.
                        265 Essex Street
                        Suite 202
                        (978) 745-6085

Dated: January 26, 2006

## CERTIFICATE OF SERVICE

Service of the above pleadings was made in hand this 26th day of January, 2006 upon Attorney John Shek, Weston, Patrick, Willard & Reading, 84 State Street, 11th Floor, Boston, MA 02109.

_____
Edgar L. Kelley