UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 05-11500-DPW

**CHERYL D. BAILEY**
**f/k/a CHERYL D. DOWLING**

    Plaintiff

v.

**ROBERT E. GREENGLASS**
**and EDGAR L. KELLEY**

    Defendant.

## PLAINTIFF'S MEMORANDUM IN OPPOSITION

## TO DEFENDANT EDGAR L. KELLEY'S MOTION TO DISMISS

## UNDER F.R.CIV.P. 12(B)(4), (5) AND (6)

    The Plaintiff, Cheryl D. Bailey, through undersigned counsel, presents the following Memorandum in Opposition to Defendant Edgar L. Kelley's Motion to Dismiss Plaintiffs' First Amended Complaint (the "Motion").  Defendant's Motion seeks dismissal on the basis of Rules 12(b)(4), (5) and (6) of the Federal Rules of Civil Procedure.  For the reasons stated below, the Plaintiff argues that the Motion should be denied.

### Preliminary Statement

    Plaintiff Cheryl Bailey brought this action initially against Attorney Robert Greenglass for legal malpractice and related theories of recovery, arising out of negative results suffered by her in a Massachusetts Probate Court (Plymouth Division) divorce proceeding (<u>Cheryl Dowling</u> v. <u>Richard Dowling</u> (Docket No. 99D-1434-DV1) (the "Underlying Case").  Attorney Greenglass was Plaintiff's attorney in the Underlying Case from commencement through August 2002, at which point he ceased serving as Plaintiff's attorney in the Underlying Case.  After August 2002, the Defendant Edgar Kelley served as Plaintiff's attorney in the Underlying Case.  A full trial was held January 14, February 20, and August 18 - 20, 2003, before Probate Court Justice R. Kaplan.  On December 8, 2003, an unfavorable decision was issued containing many results that have damaged and continue to damage the Plaintiff, including loss of custody of her children.

**OPPOSITION TO DEFENDANT'S MOTION**

The Defendant Edgar Kelley (the "Defendant") has moved this Court for an order of dismissal of the First Amended Complaint against him on three (3) grounds: (1) The form of the Summons issued by this Court and served upon him was insufficient (F.R.Civ.P. 12(b)(4)); (2) The mode of service of the Summons and First Amended Complaint upon him, was insufficient (F.R.Civ.P. 12(b)(5)); and (3) That Plaintiff's Complaint fails to state a claim upon which relief can be granted (F.R.Civ.P. 12(b)(6)). Plaintiff argues that none of the grounds on which Defendant relies should be found as a basis for dismissal of the Plaintiff's First Amended Complaint, and that the Motion should be denied.

**Sufficiency of the Summons**

The Summons issued by the Court for Defendant Edgar Kelley is attached to this Memorandum as Exhibit A. A Rule 12(b)(4) motion challenges noncompliance with the provisions of F.R.Civ.P. 4(b) or any applicable provision of Rule 4(b) that deals specifically with the content of the summons. Wright & Miller, Federal Practice & Procedure, §1353, FN 4. The Defendant does not allege a defect in the spelling or presentation of his name or address. Defendant does not allege that he has been named as a wrong party, nor any other defect in the form of the Summons. Exhibit A was issued by this Court upon presentation of the Summons form to the clerk's office, and it bears the official seal of this Court accordingly. An objection to insufficiency of process or its service should point out specifically in what manner the plaintiff has failed to satisfy the requirements of applicable rule. O'Brien v. R.J. O';Brien & Associates, Inc., 998 F.2d 1394 (7th Cir. 1993). Upon examination Exhibit A appears to contain all of the required features of a valid Summons. Further, the Defendant has failed in his Motion to establish that the alleged defect in the Summons (Exhibit A) has resulted in any form of prejudice to the Defendant. Wright & Miller, Federal Practice & Procedure, §1353, FN 28 (and cases cited at p. 342). For these reasons the Motion fails to establish sufficient grounds for dismissal under F.R.Civ.P. 12(b)(4), and should be denied.

**<u>Sufficiency of Service of the Summons, Complaint & Court Ordered Notice</u>**

At the Scheduling Conference on November 4, 2005, the Plaintiff disclosed the difficulties presented by her case having been filed by the Defendant. Plaintiff also described that she did not know, and indeed through to the present time does not know, the details of the handling of the Underlying Case. After disclosing her difficulties in being represented in this Court, by her counsel in the Underlying Case, the Plaintiff was ordered (should Plaintiff elect to join her then counsel in this case as a defendant), to submit to the Court evidence of service of any Amended Complaint, not later than December 2, 2005. Plaintiff was further ordered to serve any such newly added defendant, not later than January 2, 2006, and to also serve notice of the Status/Scheduling Conference assigned for January 26, 2006. The Plaintiff later decided to join her then counsel as a Defendant, and she proceeded as ordered.

The Plaintiff filed with this Court her First Amended Complaint on December 1, 2005. The Defendant was served with the Summons, Complaint, and a "Notice of Status Conference", on December 15, 2005. A return of service and certificate of compliance with the Court's order has been docketed. An examination of the Summons (with constable's return affidavit), reveals that the Defendant was served with the Summons, First Amended Complaint, and Notice of Status Conference on December 15, 2005. The constable making his return is Mr. John Milano, as a licensed process server, and a disinterested person, in the employ of a recognized office providing constable services to the public (Suvalle Jodrey & Associates, One Devonshire Place, Boston, MA 02109). The process server's return is sworn under penalty of perjury, and should be given prima facie credibility of service. <u>Hicklin</u> v. <u>Edwards</u>, 226 F.2d 410, 414 (8th Cir. 1955); <u>Cleaves</u> v. <u>Funk</u>, 76 F.2d 828 (10th Cir. 1935).

Defendant relies in his motion on a reading of Rule 4(e) requiring that the Summons be left with a "person of suitable age and discretion". Plaintiff's service of the Summons and First Amended Complaint was good service. The Defendant in fact was present at the January 26, 2006 Status Conference. The Defendant has failed to point out any manner in which he has been prejudiced by any alleged defect in service of the First Amended Complaint and Notice of Status Conference. In the event that Defendant should prove to this Court that he has been prejudiced by the manner of service, the Plaintiff shall seek leave to amend the offending document or process, to correct whatever mistake may have occurred, in lieu of any dismissal of the First Amended Complaint under Rules 12(b)(4) and/or (5). For these reasons, Defendant's Motion to Dismiss under F.R.Civ.P. 12(b)(4) and (5)should be denied.

### Dismissal For Failure to State A Claim Upon Which Relief Can Be Granted

At this point in these proceedings, the Plaintiff is not able to determine to what extent the Defendant is exclusively responsible for the damages caused her. However, Plaintiff has alleged, and is certain, that from and after August 2002, the Defendant was her attorney in the Underlying Case, and that Defendant was her sole attorney in the trial of the Underlying Case. Accordingly, the circumstances presented to the Plaintiff at this time have required that she plead her allegations against the Defendant based upon accepted principles of notice pleading as called for by F.R.Civ.P. 8. For Plaintiff to make any further, more detailed allegations against the Defendant is of course possible, but was deemed unnecessary and inflammatory to serve no purpose to these proceedings. The Plaintiff's First Amended Complaint states with sufficient detail and certainty, the nature of the allegations and theories fo recovery alleged against the Defendant. The pleading therefore does not fail to state a claim upon which relief can be granted, and the Defendant's Motion to Dismiss under F.R.Civ.P. 12(b)(6) should be denied. In the alternative, in lieu of dismissal, Plaintiff should be granted leave to amend her First Amended Complaint further, to add those "information and belief" allegations to the complaint stating her expectations of what the evidence will show.

F.R.Civ.P. 12(b)(6) tests the legal sufficiency of the Plaintiff's claims for relief. Under the Rule a claim for relief can be dismissed where it either fails to asserts a legal theory or recovery that is cognizable under the law, or fails to allege sufficient facts to support a cognizable claim. Plaintiff's First Amended Complaint alleges: (A) Breach of Contract; (B) Negligence; and (C) Violations of G.L. c. 93A. Such alleged theories of recovery are well recognized in legal malpractice cases. The facts alleged as to the Defendant Greenglass, occurring prior to August 2002, state deficiencies in the representation given Plaintiff in the Underlying Case up to that time. Complaint, Pars. 4 - 14. The status of the Underlying Case, procedurally and otherwise, was known to the Defendant at the time he took over the case, and he failed to do anything to cure these deficiencies. Indeed, the Defendant proceeded to trial without addressing and/or curing these deficiencies. First Amended Complaint, Pars. 14B and 14C. Further, independent of the status of the Underlying Case, and the deficiencies created or suffered while Attorney Greenglass was in charge of the case, the Defendant conducted the trial in a manner that fell short of the standard of care for trial of similar cases in the Plymouth County Probate Court. First Amended Complaint, Pars. 14C.

For purposes of the theories of recovery:  (A) <u>Contract Claim</u>:  The Plaintiff is confident that, as she has alleged, the Defendant made a contact with her to supply legal services to her in handling the Underlying Case (including trial), and that Defendant breached that contract; (B) <u>Negligence</u>:  The Plaintiff is equally confident that she will prove at trial that the Defendant owed her a duty as her attorney in the Underlying Case, that he breached that duty of care, and that she suffered damages as a result; and (C) <u>G.L. c. 93A</u>:  The Plaintiff is confident that she came to the Defendant for legal services as a consumer, that Defendant had held himself out to the public as an attorney capable of handling cases such as the Underlying Case, that in the process of his representation of Plaintiff, the Defendant committed unfair and deceptive trade practices, both within and outside of the scope of the representation, and that she suffered damages as a result.  The Plaintiff's First Amended Complaint contains adequate allegations of facts to "show that the [Plaintiff] is entitled to relief".  F.R.Civ.P. 8(a).

For purposes of a Rule 12(b)(6) motion, all well-pleaded facts of the complaint are taken as true, all doubts and inferences are resolved in the plaintiff's favor, and the pleading should be viewed in the light most favorable to the plaintiff.  <u>Albright</u> v. <u>Oliver</u>, 510 U.S. 266 (1994); <u>Glassman</u> v. <u>Computervision Corp.</u>, 90 F.3d 617 (1st Cir. 1996).  A motion to dismiss under Rule 12(b)(6) should only be granted if it appears with certainty that the plaintiff will be unable to recover under any set of facts.  <u>Roma Constr. Co.</u> v. <u>Russo</u>, 96 F.3d 566, 569 (1st Cir. 1996); <u>Hospital Bldg. Co.</u> v. <u>Trustees of Rex Hospital</u>, 425 U.S. 738, 746 (1976).  Under the standards of review, the arguments advanced by the Defendants in the Motion do not present a sufficient basis for dismissal of the First Amended Complaint, and the Motion should therefore be denied.

WHEREFORE, Plaintiff Cheryl Bailey respectfully requests that the Defendant's Motion to Dismiss under F.R.Civ.P. 12(b)(4)(5) and (6), be denied.

                                                            **CHERYL D. BAILEY**
                                                             **f/k/a CHERYL D. DOWLING**

By Her Attorney

/S/   John Shek
_____
JOHN SHEK, ESQ.
Weston, Patrick, Willard & Redding
84 State Street, 11th Floor
Boston, MA 02109
(617) 742-9310
Dated:  March 7, 2006                                                 (BBO# 457330)

# **EXHIBIT A**

# United States District Court

__EASTERN__ DISTRICT OF __MASSACHUSETTS__

CHERYL D. BAILEY
f/k/a CHERYL D. DOWLING

**SUMMONS IN A CIVIL CASE**

V.

CASE NUMBER:   05-11500-DPW

ROBERT E. GREENGLASS
and EDGAR L. KELLEY

TO: (Name and address of defendant)

EDGAR L. KELLEY
41 KELSEY ROAD
BOXFORD, MA   01921

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

JOHN SHEK, ESQ.
WESTON PATRICK WILLARD & REDDING
84 STATE STREET
BOSTON, MA  02109

an answer to the complaint which is herewith served upon you, within ___TWENTY (20)___ days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

SARAH A. THORNTON
CLERK

(BY) DEPUTY CLERK

DATE  DEC 0 1 2005

## RETURN OF SERVICE

| Service of the Summons and Complaint was made by me (1) | DATE | December 15, 2005 |
|---|---|---|
| NAME OF SERVER: JOHN MILANO | TITLE | Process Server / A Disinterested Person |

*Check one box below to indicate appropriate method of service*

☐ Served personally upon the defendant. Place where served: _____, MASSACHUSETTS

☒ Left copies thereof at the defendant's dwelling or usual place of abode ~~with a person of suitable age and discretion then residing therein. Name of person whom the summons and complaint were left~~:

Said service was made at: 41 Kelsey Road, Boxford, MASSACHUSETTS

☐ Other: By handing true and attested copies thereof to _____
Duly Authorized Agent for the within-named _____
Said service was made at: _____, MASSACHUSETTS

### STATEMENT OF SERVICE FEES

SERVICE FEE $ 53.00    Trips

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on  December 15, 2005
              Date

*/s/ John Milano*
Signature of Server

One Devonshire Place, Boston, Massachusetts
Address of Server

**ADDITIONAL INFORMATION**
PLEASE NOTE THAT IT WAS NECESSARY TO MAKE ____ ATTEMPTS BEFORE MAKING PROPER SERVICE.

| Date | Time | Remarks | FEE |
|---|---|---|---|
|  |  |  | $ ____ |
|  |  |  | $ ____ |
|  |  |  | $ ____ |
|  |  |  | $ ____ |
|  |  |  | $ ____ |
|  |  |  | $ ____ |
|  |  | TOTAL | $ ____ |

Also served: Notice of Status Conference

(1) As to who may serve a summons see Rule 4 to the Federal Rules of Civil Procedure.

---

Suvalle, Jodrey & Associates          One Devonshire Place        Telephone # (617) 720-5733
Massachusetts Constables since 1925   Boston, MA 02109            Fax #       (617) 720-5737

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 05-11500-DPW

CHERYL D. BAILEY
f/k/a CHERYL D. DOWLING

    Plaintiff
v.

ROBERT E. GREENGLASS
and EDGAR L. KELLEY

    Defendant.

## NOTICE OF STATUS CONFERENCE

TO:   DEFENDANT EDGAR KELLEY
       41 KELSEY ROAD
       BOXFORD MA. 01921

By Order of this Court (Woodlock, USDJ) entered from the bench November 4, 2005, Plaintiff hereby notifies Defendant Edgar Kelley, that a Status Conference will be held before the Court (Woodlock, USDJ), at 2:30 p.m. on Thursday, January 26, 2006, at the United States District Court (Boston). At that time the Court may also hear requests from the parties as to Scheduling pursuant to applicable rule.

CHERYL D. BAILEY
f/k/a CHERYL D. DOWLING
By Her Attorney

_____
JOHN SHEK, ESQ.
Weston, Patrick, Willard & Redding
84 State Street, 11th Floor
Boston, MA 02109
(617) 742-9310
(BBO# 457330)

**CERTIFICATE OF SERVICE**

I, JOHN R. SHEK, certify under penalty of perjury that I caused the foregoing to be served on all counsel of record by- hand delivery- U.S. Mail postage Prepaid- this ___ day of ___, 20___.

_____

Dated: December 14 2005

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

FILED
IN CLERKS OFFICE

2005 DEC -1  P 3: 03

U.S. DISTRICT COURT
DISTRICT OF MASS.

CIVIL ACTION NO. 05-11500-DPW

CHERYL D. BAILEY
f/k/a CHERYL D. DOWLING

    Plaintiff

v.

ROBERT E. GREENGLASS
and EDGAR L. KELLEY

    Defendant.

## FIRST AMENDED VERIFIED COMPLAINT

By leave and Order of this Court (Woodlock, USDJ) entered from the bench November 4, 2005, Plaintiff presents her First Amended Verified Complaint, restating her Verified Complaint to join an additional Defendant (viz., Edgar L. Kelley).

A.    <u>JURISDICTION</u>

1.    The Plaintiff is a resident of Lincoln, Grafton County, New Hampshire.

2.    The Defendant Robert E. Greenglass (herein "Defendant") is a member of the Massachusetts Bar and a practicing attorney, with offices located at One Park Place, Plymouth, Plymouth County, Massachusetts.

2A.    The Defendant Edgar L. Kelley (herein "Kelley") is a member of the Massachusetts Bar and a practicing attorney, with offices located care of Philip D. Moran, Esq., 265 Essex Street, Suite 202, Salem, Essex County MA 01970.

3.    Jurisdiction lies under 28 U.S.C. 1332 for diversity of citizenship. Damages are in excess of Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest and costs.

B.    <u>FACTS</u>

4.    On or about December 28, 2000, Plaintiff engaged the Defendant in representing her in divorce proceedings against her then husband, Richard E. Dowling, Jr. (hereinafter called Richard) which were held at the Plymouth Division of the Massachusetts