UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT
OF MASSACHUSETTS

CIVIL ACTION NO. 05-11500-DPW

Cheryl D. Bailey
a/k/a Cheryl D. Dowling
    PLAINTIFF

v.

Robert E. Greenglass
and Edgar L. Kelley
    DEFENDANTS

## DEFENDANT EDGAR L. KELLEY'S MOTION TO DISMISS CROSS CLAIM OF DEFENDANT ROBERT E. GREENGLASS AGAINST DEFENDANT EDGAR L. KELLEY COUNTS I AND II

    The Added Defendant, Edgar L. Kelley ("Kelley"), moves to dismiss the cross claim of Defendant Robert E. Greenglass ("Greenglass") against him on the following grounds:

    Defendant Greenglass, through his Attorney, Joseph I. Berman, served a copy of his Answer and Cross Claim against Defendant Kelley by mail, received on or about February 27, 2006 after an unsuccessful attempt at electronic service on him in December, 2005.

    The Defendant Greenglass' Cross Claim against Defendant Kelley is in two parts, Count I for indemnification and Count II for contribution. The Cross Claim seems to be an afterthought added to his dubious Answer to the Complaint. The Defendant Kelley is not charged with responsibility to plead to that part of Defendant Greenglass' Answer.

    In any event, that pleading does not charge Kelley, directly or by implication, with responsibility for comment on the sufficiency or insufficiency of the pleading under F.R. Civ. P. 12b(5) and (6), relative to his Answer to the Complaint, originally drafted by Kelley.

    Defendant Kelley bases his Motion to Dismiss Greenglass' Cross Claim under Rule 12(b)(6) on the manifest want of factual allegations in Paragraphs numbered 1 through 9, which are lacking any clear and concise statement of facts which could underlie a cause of action for indemnification or contribution.

      Pleading that Kelley "served as successor counsel to the plaintiff and represented the plaintiff throughout the remainder of the divorce proceedings and at trial" (Paragraph 4 of Count I and Paragraph 10 of Count II of Greenglass' Cross-Claim), does not state an evidentiary ground for proving liability. The mere fact of an attorney's succeeding another attorney whose legal service was terminated by the agreement of the party and the previous attorney is in no way sufficient grounds for liability of the successor counsel. If the converse were true, then Attorney John Shek would *ipso facto* be liable for contribution and indemnification because he succeeded Kelley.

      The Court should order that the Complaint/Cross Claim of Greenglass against Kelley be forthwith dismissed under F.R. Civ. P 12(b)(6) for failure to state an enforceable claim against him.

                          Respectfully submitted,

                          EDGAR L. KELLEY /s/
                          _____

                          EDGAR L. KELLEY, Pro Se
                    C/o Philip D. Moran, Esq.
                          265 Essex Street
                          Suite 202
                          (978) 745-6085

Dated: March 7, 2006

## **CERTIFICATE OF SERVICE**

       The undersigned named Defendant Edgar L. Kelley certifies that he has made service of his Motion to Dismiss Cross Claim of Defendant Robert E. Greenglass to the Court by electronic submission on March 7, 2006 and by mailing copies of said Motion by First Class Mail, postage prepaid, on the same date upon Counsel of Record as follows:

1. Attorney John Shek, c/o Westin, Patrick, Willard & Reading, 84 State Street, 11th Floor, Boston, MA 02109; and

2. Attorney Joseph S. Berman, 210 Commercial Street, Boston, MA 02109

                                                                EDGAR L. KELLEY  /s/

                                                               _____

                                                               EDGAR L. KELLEY